UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMIE SALTER,

                            Plaintiff,

v.

ERIE 1 BOARD OF COOPERATIVE EDUCATION
SERVICES,
                      Defendant.
_____

**REPORT AND RECOMMENDATION**

12-CV-00086(A)(M)

        This action, which was removed to this court from State of New York Supreme Court, County of Erie by defendant Erie 1 Board of Cooperative Educational Services ("BOCES") [1],[1] has been referred to me by Hon. Richard J. Arcara for supervision of all pretrial proceedings [18]. My review of plaintiff's motion to amend his Complaint [9] led me to question whether the action was properly removed to this court in the first place.

        The fact that plaintiff did not object to the removal does not dispense with my obligation to address those concerns, for "when the issue is not raised by one of the parties, a district court is required, on its own accord, to inquire into and determine whether federal question or diversity of citizenship jurisdiction exists over a removed case". 14C Wright, Miller, Cooper, Federal Practice & Procedure §3739 (4th ed.). "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." Gonzalez v. Thaler, 132 S.Ct. 641, 648 (2012).

        By Order to Show Cause dated February 26, 2013 [19], I set forth my analysis as to why this case should be remanded to state court, and directed the parties to show cause, on or before March 12, 2013, why that analysis is incorrect. I further stated that unless the parties' submissions convinced me otherwise, I would recommend that this action be remanded. BOCES

---

[1] Bracketed references are to the CM/ECF docket entries.

filed a submission [20] in response to my Order to Show Cause, arguing that removal was proper. Plaintiff filed no response.

Having considered BOCES' arguments, I remain convinced that this action was improperly removed, and therefore recommend that all proceedings in the action, including plaintiff's motion for leave to amend his Complaint [9], be remanded to State of New York Supreme Court, County of Erie for further consideration.

**ANALYSIS**

Plaintiff commenced this action in State of New York Supreme Court, County of Erie [1-1]. BOCES removed the action to this court pursuant to 28 U.S.C. §1441, based upon federal question jurisdiction under 28 U.S.C. §1331. Notice of Removal [1], ¶6. While acknowledging that "[p]laintiff's complaint alleges no federal cause of action whatsoever . . . . The only causes of action asserted in Plaintiff's complaint are based on the New York State Human Rights Law" (id., ¶3),[2] BOCES relied upon plaintiff's subsequent interrogatory responses identifying a federal claim, arguing that these responses constitute "other paper" justifying removal under 28 U.S.C. §1446(b). Id., ¶7.[3]

However, "[t]he right of removal is decided by the pleadings, viewed as of the time when the petition for removal is filed." Vera v. Saks & Co., 335 F.3d 109, 116, n. 2 (2d Cir. 2003). "Whether a claim 'arises under' federal law, and thus falls within federal question

---

[2] Plaintiff concedes as much, by moving to amend his Complaint "to *add* a cause of action under 42 U.S.C. Sec. 1983". Plaintiff's Memorandum of Law [9-3], p. 2 (emphasis added).

[3] "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b)(3).

jurisdiction, is generally governed by the well-pleaded complaint rule . . . . The well-pleaded complaint rule provides for federal jurisdiction only when the complaint affirmatively alleges a federal claim." Sklarski v. Niagara Falls Bridge Commission, 2010 WL 1257952, *2 (W.D.N.Y. 2010) (Arcara, J.); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint").

In response to my Order to Show Cause, BOCES argues that "[t]he plain language of §1446(b)(3) . . . speaks precisely to the situation where the complaint does *not* affirmatively allege a federal claim, as it expressly permits (and requires) removal within thirty days of receipt of 'an amended pleading, motion, order or other paper' which demonstrates that the case is removable" Smith Declaration [19], ¶14 (emphasis in original). I disagree. Section 1446(b)(3) applies only where the "other paper" demonstrates that the case "is or has become removable"- and the determination as to whether the case is removable depends on the allegations contained *in the complaint*. Sklarski, Caterpillar, supra.

Thus, although an interrogatory response may constitute an "other paper", Dell'Aera v. Home Depot, U.S.A., Inc., 2007 WL 2071632, *4 (D.Conn. 2007), "[t]he 'other paper' must clarify the federal nature of an *existing* claim, and not relate to a putative claim that has not yet been pled." O'Keefe v. State Farm Fire & Casualty Co., 2009 WL 95039, *3 (S.D.Miss. 2009) (emphasis in original); Watson v. City of Meridian, Mississippi, 2008 WL 907655, *2 (S.D.Miss. 2008) ("the allegations that form the basis of the alleged federal claim do not appear in the Complaint. Accordingly, the putative federal claim simply does not exist as cognizable cause of action in this case").

BOCES admits that the "original Complaint asserts no federal cause of action . . . . The only causes of action asserted were based exclusively on the New York State Human Rights Law". BOCES' Memorandum of Law [14], p. 3, n. 6. Where (as here) the "'allegations which are said to form the basis of a federal claim which, in turn, forms the basis for removal, do not appear anywhere in the pleadings . . . the putative federal claim simply does not exist as a cognizable claim in the case'". Eggert v. Britton, 223 Fed. Appx. 394, 397, 2007 WL 870364 (5th Cir. 2007) (unpublished) (*quoting* Trotter v. Steadman Motors, Inc., 47 F.Supp.2d 791, 792 (S.D.Miss. 1999)).

28 U.S.C. §1447(c) states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded". Although BOCES argues that "this action will undoubtedly return to this Court if [it] is remanded" (Smith Declaration [20], ¶3), that is by no means inevitable. A subsequent removal would be proper only if plaintiff's motion to amend his Complaint to assert a federal claim is eventually granted,[4] and BOCES currently opposes that motion. *See* BOCES' Memorandum of Law [14].

In any event, the motion for leave to amend must be decided in state court, since "[w]ithout jurisdiction [this] court cannot proceed at all in any cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998). *See also* Shoals T.V. & Appliance, Inc. v. Auto Owners Insurance Co., 791 F.Supp. 283, 287 (N.D.Ala. 1992) ("Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case").

---

[4] "[I]f subsequent pleadings . . . bring a case that previously was not removable within the jurisdiction of the federal courts, a timely second notice of removal is permissible and may succeed." Wright, Miller, Cooper, supra, Federal Practice & Procedure §3739.

## CONCLUSION

For these reasons, I recommend that all proceedings in this action, including plaintiff's motion for leave to amend his Complaint [9], be remanded to State of New York Supreme Court, County of Erie for further consideration. Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by April 1, 2013 (applying the time frames set forth in Fed. R. Civ. P. ("Rules") 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: March 13, 2013

                                                /s/ Jeremiah J. McCarthy
                                                JEREMIAH J. MCCARTHY
                                                United States Magistrate Judge